**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-24809-HERNANDEZ**

**MARLON A. GARCIA**,

*Plaintiff*,

*v.*

**COMMISSIONER OF SOCIAL SECURITY**,

*Defendant*.
_______________________________________/

**ORDER**

Plaintiff Marlon A. Garcia ("Plaintiff"), moving *pro se*, filed a Motion to Proceed *in Forma Pauperis* ("Motion"). [ECF No. 3]. Because Plaintiff's Motion indicates that he falls below the poverty line and is truly indigent, the Motion is **GRANTED.**

* * *

"Under 28 U.S.C. § 1915(a), a district court may authorize the commencement of a civil action without prepayment of fees or costs or the giving of security therefor, if the potential plaintiff has filed an affidavit that he or she is unable to pay such costs or give such security." *Fletcher v. Astrue*, No. 11-cv-24398-WJZ, 2011 WL 13319589, at *1 (S.D. Fla. Dec. 15, 2011). The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Willliams*, 490 U.S. 319, 324 (1989).

In the Eleventh Circuit, district courts have "wide discretion" in ruling on *in forma pauperis* ("IFP") motions, but the privilege should be granted "sparingly" and be "bestowed only upon those who are truly indigent." *Thomas v. Sec'y of Dep't of Veterans Affs.*, 358 Fed. App'x 115, 116 (11th Cir. 2009); *Fletcher*, 2011 WL 13319589, at *2 (quoting *Jones v. St. Vincent's Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007)).

When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004). A person need not be "absolutely destitute" or "forced to become [a] public charge[ ]" to proceed IFP; "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A district court may not deny an IFP motion without first comparing the party's assets and liabilities in order to determine whether the party has satisfied the poverty requirement." *Thomas*, 358 Fed. App'x. at 116; *Walker v. Comm'r of Soc. Sec.*, No. 6:12-CV-1025-ORL-36, 2012 WL 4513760, at *1 (M.D. Fla. Oct. 1, 2012) (citing *Martinez*, 364 F.3d at 1307–08). Courts may "consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis*." *See de Mirabel v. Comm'r of Soc. Sec.*, No. 20-cv-24563-BB, 2020 WL 8620037, at *1 (S.D. Fla. Nov. 6, 2020) (quoting *Francis v. Berryhill*, No. 8:18-cv-2492-T-24 SPF, 2018 WL 6983489, at *1 (M.D. Fla. Nov. 7, 2018)), *report and recommendation adopted*, No. 8:18-cv-2492-T-24 SPF, 2018 WL 6983490 (M.D. Fla. Nov. 26, 2018).

Plaintiff's long-form application discloses $4,400 in veterans benefits, and $5,600 in expenses. [ECF No. 3 at 3, 6]. Plaintiff also has two children who depend on him for support. *Id.* at 4. Additionally, Plaintiff represents that he is unable to work and receives assistance from family to make up the difference between his monthly expenses and his limited income. *Id.* at 6. With these representations in mind, the Court finds that Plaintiff falls below the poverty line, *see* 91 Fed. Reg. at 1798 (indicating a poverty threshold of $27,320 for a three-person household), and is "truly indigent," *Fletcher*, 2011 WL 13319589, at *2 (quoting *Jones*, 2007 WL 1789242, at *1).

There is one more step to the IFP review. A court "must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on

which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). To state a claim properly, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a plaintiff need not set out detailed factual allegations, a complaint will not suffice if it tenders naked assertions devoid of further factual enhancement." *Dumond v. Carrington*, No. 22-cv-20339-RKA, 2022 WL 1121741, at *4 (S.D. Fla. Apr. 14, 2022) (quotation marks omitted). To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2).

Plaintiff proceeds under 42 U.S.C. § 405, seeking judicial review of the final decision of the Commissioner of Social Security regarding her disability claim. [ECF No. 1 at 1]. "There exist three prerequisites set forth for judicial review in [42 U.S.C.] § 405(g): (1) a final decision made by the Commissioner after a hearing; (2) the commencement of a civil action within sixty days of the mailing of notice of the Commissioner's final decision; and (3) the filing of the action in an appropriate district court." *Anderson v. Comm'r of Soc. Sec.*, No. 22-cv-20900-BB, 2022 WL 16835935, at *2 (S.D. Fla. Nov. 9, 2022). The Commissioner's decision is final only after four steps of administrative review have been completed: "(1) initial determination; (2) reconsideration determination; (3) hearing before an [administrative law judge]; and (4) Appeals Council review." *Id.* Plaintiff provides a short and plain statement meeting these requirements and thus states a claim upon which relief may be granted. He alleges that he "received an Unfavorable decision from an Administrative Law Judge that was issued on April 23, 2026." [ECF No. 1 ¶ 6]. He also alleges that the Appeals Counsel denied his request for review. *Id.* ¶ 7. Although the Complaint does not explicitly state that an initial determination and reconsideration determination were made, Plaintiff does allege that he "has received a final decision from the Commissioner." *Id.* ¶ 8. The first *Anderson* requirement is met. *Anderson*, 2022 WL

16835935, at *2. Plaintiff received his denial from the Appeals Council on June 17, 2026, *id.* ¶ 7, and Plaintiff filed suit less than one month later, *see generally id.* Plaintiff is a Miami-Dade County resident. *Id.* ¶ 2. The Complaint satisfies the second two *Anderson* requirements. *Anderson*, 2022 WL 16835935, at *2. At this early stage of litigation, Plaintiff has adequately stated a claim for which relief may be granted.

The Court will therefore **GRANT** the Motion, [ECF No. 3]. Plaintiff does not need to prepay the filing fee in this case and may proceed without prepayment of costs or fees.

**DONE AND ORDERED** in the Southern District of Florida on November 4, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**